Charles P. MAIER, Plaintiff-Appellant,

v.

Judge John J. BYRNES, Defendant-Respondent.

Court of Appeals

*No. 84–663. Submitted on briefs September 6, 1984.—
Decided October 24, 1984.*
(Also reported in 358 N.W.2d 833.)

For the plaintiff-appellant, the cause was submitted on the briefs of *Charles P. Maier,* pro se, of East Troy.

For the defendant-respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel S. Farwell,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Dr. Charles P. Maier appeals from an order granting summary judgment in favor of

Judge John J. Byrnes in a small claims action commenced pursuant to sec. 782.09, Stats., which imposes a statutory penalty of $1,000 against a judge who refuses to grant a writ of habeas corpus.

On September 28, 1983, Dr. Maier was arrested and jailed for alleged traffic offenses.[1] At approximately 9:00 p.m. that evening, Leroy Fehrman, William Wiefelspuetz, and Leroy Knies, friends of Dr. Maier, appeared at the residence of Judge Byrnes. They presented a petition for a writ of habeas corpus to Judge Byrnes, who refused to issue the requested writ.

Dr. Maier then commenced this small claims action against Judge Byrnes under sec. 782.09, Stats., which provides as follows:

Any judge who refuses to grant a writ of habeas corpus, when legally applied for, is liable to the prisoner in the sum of $1,000.

Judge Byrnes brought a motion for summary judgment. The trial court granted the motion because Dr. Maier had failed to file the purported petition for a writ of habeas corpus with the clerk of courts. Dr. Maier appeals from the summary judgment granted to Judge Byrnes.

Since the pleadings and the record as made on the motion for summary judgment show no material dispute of fact, the only issue remaining is a question of law as to whether a person claiming the $1,000 punitive damages against a judge in an action under sec. 782.09, Stats., must first file the petition for the writ of habeas corpus with the clerk of courts. We are not required to defer to the trial court's resolution of a question of

[1] The record does not reveal the underlying offenses for which Dr. Maier was jailed. Judge Byrnes' brief indicates that Dr. Maier's custody was related to traffic offenses. This statement is not challenged by Dr. Maier.

law. *In the Interest of G. and L.P.*, 119 Wis. 2d 349, 351, 349 N.W.2d 743, 744 (Ct. App. 1984).

Judge Byrnes contends that Dr. Maier failed to timely file the petition for the writ of habeas corpus.[2] He cites in support of this argument sec. 801.02, Stats., which provides, in part, as follows:

> (1) A civil action . . . is commenced as to any defendant when a summons and complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.
>
> . . . .
>
> (5) An action seeking a remedy available by . . . habeas corpus . . . may be commenced under sub. (1), by service of an appropriate *original writ* on the defendant named in the writ if a copy of the writ is filed forthwith . . . . [Emphasis added.]

These statute sections govern the manner in which an action or special proceeding is commenced. They do not, however, expressly require the filing of the petition as a condition precedent to the commencement of a civil action commenced against a judge who allegedly refuses to grant a writ of habeas corpus pursuant to sec. 782.09, Stats. If the law requires the timely filing of the petition as prerequisite to the commencement of an action under sec. 782.09 for the refusal to grant a writ of habeas corpus, it must be found elsewhere than in the provisions of sec. 801.02(1) and (5), Stats.

Although most often inspired by other proceedings, habeas corpus nonetheless stands as an independent civil action and not as a motion in another proceeding. *State ex rel. Hellige v. Milwaukee Liedertafel*, 166 Wis. 277, 279, 164 N.W.2d 1004, 1004 (1917). The relator, as any

---

[2] A purported copy of the petition was not filed until after Judge Byrnes brought his motion for summary judgment.

other litigant, may choose to pursue his action or abandon it irrespective of whether he has prevailed upon a judge to order the issuance of the writ.

*Goetz v. Black,* 240 N.W. 94 (Mich. 1932), stands for the proposition that an action against a judge for a statutory penalty upon refusal to issue a writ of habeas corpus requires the previous filing of the petition. The policy reasons in support of this requirement are recited by the Michigan Supreme Court as follows:

If plaintiff desired to press the refusal of the circuit judge to recovery of the statutory penalty, he should have filed the rejected petition so that there would have been an unquestionable and unimpeachable public record thereof, available to his own inspection as well as all others, and incapable of substitution by any one.

If the circuit judge arbitrarily refused to examine the petition, he is not subject to the penalty unless and until it is made to appear by record of the "suit" that the very paper submitted to him for judgment thereon in form and substance commanded issuance of the writ, and this must be established by the record made at the time. Plaintiff claims to have possession of the petition he should have filed. *The law will not tolerate an assessment of the invoked penalty against a judicial officer under the circumstances here disclosed, for to do so after the long delay would subject the judge to the machinations, chicanery, fraud, and enmity of any one disposed to so act, and leave the judge without an impartial and incorruptible court record. A statute awarding a penalty is to be strictly construed, and, before a recovery can be had, the case must be brought clearly within its terms.* Grier v. Kan. City, Clay Co. & St. Joseph Ry. Co., 286 Mo. 523, 228 S.W. 454; Kitts v. Kitts, 136 Tenn. 314, 189 S.W. 375; United Assurance Association v. Frederick, 130 Ark. 12, 195 S.W. 691; Anderson v. City of Birmingham, 205 Ala. 604, 88 So. 900.

*Plaintiff on his own showing abandoned the proceedings when he neglected or refused to file the petition for the writ.* No suit was ever begun. The court was correct in entering an order of dismissal, and the judg-

ment is affirmed, with costs to defendant. [Emphasis added.]

*Id.* at 97–98.

Dr. Maier misses the point in arguing that Judge Byrnes' refusal to issue the writ has frustrated his ability to proceed with *this action.* While the refusal clearly frustrated Dr. Maier's attempt to win his liberty, the right to proceed in the action by way of appeal or punitive action against the judge under sec. 782.09, Stats., required the preservation of the action. If such has not been accomplished, Dr. Maier has manifested his intention to abandon his action. To seek the enforcement of the statutory penalty in the face of such manifestation would be contrary to the public policy as expressed in *Goetz* which we adopt here.

We therefore hold that the filing of the petition for a writ of habeas corpus is a necessary prerequisite to the prosecution of an action under sec. 782.09, Stats.

We alternatively hold that even if the petition had been timely filed, it failed to meet the statutory requirements of sec. 782.04, Stats., since it was not verified.[3] Thus, the writ was not "legally applied for"

---

[3] Section 782.04, Stats., reads as follows:

**Petition; contents.** Such petition must be verified and must state in substance:

(1) That the person in whose behalf the writ is applied for is restrained of personal liberty, the person by whom imprisoned and the place where, naming both parties, if their names are known, or describing them if they are not.

(2) That such person is not imprisoned by virtue of any judgment, order or execution specified in sec. 782.02.

(3) The cause or pretense of such imprisonment according to the best of petitioner's knowledge and belief.

(4) If the imprisonment is by virtue of any order or process a copy thereof must be annexed, or it must be averred that, by reason of such prisoner being removed or concealed a demand of such copy

pursuant to sec. 782.09, Stats. Adherence to this requirement is not the dependence "upon meticulous observance of the rules of pleading" which has been condemned by certain of the case law. *See Ex parte Amos,* 112 So. 289, 292 (Fla. 1927). The requirement of verification is addressed to matters of not only form but also substance by assuring that the statements contained therein are presented with some regard to considerations of truthfulness, accuracy and good faith.[4]

On these alternative grounds, we affirm the trial court's granting of summary judgment to Judge Byrnes.

*By the Court.*—Order affirmed.

---

could not be made or that such demand was made and a fee of $1 therefor tendered to the person having such prisoner in custody, and that such copy was refused.

(5) In what the illegality of the imprisonment consists.

[4] This may be an important consideration in this case since the reasons or pretense for Dr. Maier's incarceration as set forth in the petition is represented to be on a "civil contempt" charge. Yet, the attorney general contends in its brief that Dr. Maier's custody was related to violations of state traffic laws or ordinances related thereto, which is not disputed by Dr. Maier in his reply brief.