STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy DRAKE, Defendant-Appellant.

Court of Appeals

*No. 93–0358–CR. Submitted on briefs February 2, 1994.—Decided April 28, 1994.*

(Also reported in 515 N.W.2d 923.)

For the defendant-appellant the cause was submitted on the brief of *David H. Bennett* of Portage.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William L. Gansner*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   After Timothy Drake pled guilty to one count of physical abuse of a child, the trial court withheld sentence and placed Drake on probation. Drake's probation was later revoked. Prior to sentenc-

ing, Drake moved to withdraw his plea and requested a new trial. The court orally denied those motions and subsequently sentenced Drake to a prison term. Drake appeals from that judgment of conviction. The only issues raised by Drake, however, concern his motions to withdraw his plea and for a new trial. Those issues were not raised by a timely appeal from the judgment of conviction. We treat his motions as made under § 974.06, STATS., and although an order dismissing such a motion is appealable as of right, the record contains no written order denying his motions. Because a final order must be written to be appealed, we dismiss his appeal.

Drake pled guilty on November 5, 1990. At the December 11, 1990 sentencing hearing, the trial court withheld sentence and placed Drake on probation for four years. In May 1992, Drake's probation was revoked, and Drake returned to court for sentencing. Prior to the imposition of sentence, Drake moved to withdraw his guilty plea and for a new trial. On September 16, 1992 and October 20, 1992, the court orally denied the motions. On October 30, 1992, the court sentenced Drake to three years in prison.

Drake filed a timely notice of intent to pursue post-conviction relief under RULE 809.30(2)(b), STATS. Drake then filed a notice of appeal from the October 30, 1992 judgment of conviction. In the notice of appeal, Drake also refers to the denial of the two motions. All of the issues briefed by Drake relate to whether he should have been allowed to withdraw his guilty plea. The State contends that we lack jurisdiction to decide Drake's issues.[1] We agree.

---

[1] The State moved to dismiss the appeal after Drake filed his brief-in-chief. We denied the motion, without prejudice, indi-

Drake was sentenced on December 11, 1990, when he was placed on probation. *See* RULE 809.30(1)(b), STATS. (" 'Sentencing' means, in a felony or misdemeanor case, the imposition of a sentence, fine or probation."). The December 11, 1990 judgment of conviction was a final judgment from which an appeal under RULE 809.30 could have been taken. If Drake wished to challenge the validity of his plea, he could have filed a direct appeal from that judgment. He did not appeal at that point, and began serving his probation. When his probation was revoked, Drake moved to withdraw his guilty plea. At that time, however, the deadline for filing a direct appeal from the judgment of conviction had long since expired, and Drake could no longer seek relief under RULE 809.30.[2]

Because Drake's motions to withdraw his plea and for a new trial were not filed under RULE 809.30, STATS., they can only be considered motions for postconviction relief under § 974.06, STATS. A judgment of conviction may be collaterally attacked under § 974.06 "[a]fter the time for appeal or postconviction remedy provided in s. 974.02 has expired." Section 974.06(1). Although a postconviction motion "is a part of the original action [and] not a separate proceeding," § 974.06(2), the order denying the motion is final for purposes of appeal. *See* § 974.06(7) ("An appeal may be taken from the order entered on the motion as from a final judgment.").

cating that the State could renew its jurisdictional objection in its brief. The State has done so.

[2] The time limits of RULE 809.30(2), STATS., may be extended by this court under RULE 809.82(2)(a), STATS., upon a showing of good cause. *State v. Harris,* 149 Wis. 2d 943, 946-47, 440 N.W.2d 364, 365-66 (1989). Drake has not shown good cause for an extension of time.

Drake assumes that his October 30, 1992 judgment of conviction brings before this court the denials of his motions. However, under RULE 809.10(4), STATS., "[a]n appeal from a final judgment or final order brings before the court all prior *nonfinal* judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." (Emphasis added.) Because the denials of Drake's motions were final rulings that could be appealed under § 974.06(7), STATS., they were not "prior nonfinal rulings" brought before the court in an appeal from the October 30, 1992 judgment of conviction.

Although the denials of Drake's motions are final rulings that Drake can appeal as a matter of right, the record does not contain a written order denying Drake's postconviction motions. A final ruling must be reduced to writing and entered before an appellate court has jurisdiction to review it. *State v. Malone*, 136 Wis. 2d 250, 257-58, 401 N.W.2d 563, 566 (1987). We agree with the State that this court has no jurisdiction to review the court's oral denials of Drake's § 974.06, STATS., motions.

Since the only issues raised by Drake lie outside the court's jurisdiction in this appeal, his appeal must be dismissed. Upon the entry of a written order, Drake may file a new notice of appeal and obtain appellate review of his postconviction motions.

*By the Court.*—Appeal dismissed.