STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven J.TOBEY, Defendant-Appellant.

Court of Appeals

*No. 95–1673–CR. Submitted on briefs February 5, 1996.—Decided March 6, 1996.*

(Also reported in 548 N.W.2d 95.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Kraig A. Byron* of *Grant Law Offices* of Waupun.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Charles D. Hoornstra*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J.   Steven J. Tobey appeals from a judgment of the trial court and an order denying postconviction relief. We conclude that Tobey's notice of intent to pursue postconviction relief was untimely. Accordingly, we affirm the judgment and the order of the trial court.

A criminal complaint was filed against Tobey alleging that he intentionally received stolen property, contrary to § 943.34(1)(c), STATS. Tobey entered a plea

of no contest to the charge. In October 1993, he was convicted, placed on probation and ordered to pay a fine, court costs and restitution. Tobey's probation was subsequently revoked and he was sentenced to nine months in jail to be served under the Huber law beginning May 3, 1995.[1]

Tobey filed a notice of intent to pursue postconviction relief on May 10, 1995. The motion for postconviction relief was filed on May 22, 1995, alleging that he was not adequately advised of his right to legal counsel when his plea of no contest was received in October 1993 and that he did not voluntarily and intelligently waive his right to counsel. The court denied the motion, stating that it was untimely under RULE 809.30(2), STATS., and that there was no merit to the claims stated in the motion. Tobey appeals the trial court's judgment and order.

Tobey argues that his motion for postconviction relief was timely under RULE 809.30, STATS. He states that he filed his motion for postconviction relief on the basis of the court's May 2, 1995, sentencing where it imposed nine months in the county jail. Tobey argues: "Applying the statutory definition of sentencing to the facts presented herein, it is clear that the sentence imposed by the trial court on May 2, 1995 constitutes a 'sentencing' from which the appellant is entitled to appeal under § 809.30(2)." In contrast, the State argues that Tobey did not give notice within twenty days of sentencing on October 26, 1993. Tobey filed the notice of intent to pursue postconviction relief on May 10, 1995.

---

[1] The judgment sentencing Tobey to jail time was dated May 3, 1995. The sentencing after probation revocation hearing was held on May 2, 1995.

■

Whether Tobey timely filed a notice to pursue post-conviction relief requires the interpretation of a statute to a set of facts. This is a question of law that we review de novo. *See K.N.K. v. Buhler*, 139 Wis. 2d 190, 199, 407 N.W.2d 281, 286 (Ct. App. 1987).

RULE 809.30, STATS., governs the procedure regarding postconviction motions in felony cases. It provides in relevant part: "Within 20 days of the date of sentencing, the defendant shall file in the trial court and serve on the district attorney a notice of intent to pursue postconviction relief." RULE 809.30(2)(b). The term "sentencing" is defined as "in a felony or misdemeanor case, the imposition of a sentence, fine or probation." *See* RULE 809.30(1)(b).

■

We conclude that Tobey lost the right to challenge the denial of counsel under the time limits of RULE 809.30, STATS. Under RULE 809.30(2)(b), a notice of intent to pursue postconviction relief must be filed within twenty days of sentencing. According to RULE 809.30(1)(b), sentencing in a felony case includes the imposition of probation. Here, Tobey raised issues in his motion for postconviction relief that should have been addressed after the 1993 conviction and sentencing. Tobey chose to begin serving his probation without objecting to the events surrounding his 1993 conviction. Therefore, he cannot now raise these issues because he is dissatisfied with the outcome of his sentencing after probation revocation. In order to have been timely, Tobey should have filed the notice of intent to pursue postconviction relief within twenty days of the original sentencing which occurred in October 1993.

Because we conclude that Tobey's notice of intent to pursue postconviction relief was untimely, we need not reach his other appellate issue.

*By the Court.*—Judgment and order affirmed.