STATE of Wisconsin EX REL. Dennis C. MARTH, Petitioner,

v.

Judy P. SMITH, Warden, Oshkosh Correctional Institution, and David H. Schwarz, Administrator of Division of Hearings and Appeals, Respondents.

Court of Appeals

*No. 98–3031–W. Submitted on memoranda January 12, 1999.—Decided January 27, 1999.*

(Also reported in 592 N.W.2d 307.)

On Petition for Waiver of Fees/Costs. *Provisionally granted.*

On behalf of the petitioner, the cause was submitted on the memorandum of *Dennis C. Marth,* pro se.

On behalf of the respondents, the cause was submitted on the memorandum of *James E. Doyle,* attorney general, and *Charles D. Hoornstra,* assistant attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

PER CURIAM. In this case we decide whether an inmate's petition for a writ of habeas corpus claiming ineffective assistance of counsel relating to probation revocation is subject to the provisions of the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133, which took effect on September 1, 1998.[1] The applicability of the PLRA depends upon whether Dennis C. Marth is a "prisoner" as defined in the PLRA.[2] We

---

[1] All future references will be to the statutory sections created or otherwise affected by the Prisoner Litigation Reform Act.

[2] The consequences of being subject to the PLRA include a requirement that a "prisoner," as defined in § 801.02(7)(a)2, STATS., claiming indigency for purposes of the filing fee, satisfy certain filing requirements to determine how the fee will be satisfied. *See* § 814.29(1m)(b), (1m)(c)2, STATS. Additionally, if a prisoner has accumulated three or more dismissals which qual-

conclude that Marth is a prisoner as defined therein and therefore the PLRA applies.

Marth filed a pro se petition for a writ of habeas corpus in this court.[3] He claims to be unlawfully imprisoned because of errors which occurred in his 1994 probation revocation proceeding. The revocation was affirmed by the circuit court on certiorari review in 1994 and by this court on appeal in 1996. Marth's habeas petition argues that his counsel in the revocation proceeding, on certiorari review and on appeal failed to raise defects in the revocation proceeding.

Marth filed a Prisoner's Petition for Waiver of Fees/Affidavit of Indigency. On its own motion, this court questioned whether Marth is a "prisoner" and ordered the parties to file memoranda on the question. The parties have done so.

"Prisoner" is defined in § 801.02(7)(a)2, STATS., as follows:

> "Prisoner" means any person who is incarcerated, imprisoned or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer. "Prisoner" does not include any of the following:
>
> . . . .
>
> c. A person bringing an action seeking relief from a judgment of conviction or a sentence of a court, including an action for an extraordinary writ or a supervisory writ seeking relief from a judgment of conviction or a sentence of a court or an action under s. 809.30, 809.40, 973.19 or 974.06.

---

ify under § 802.05(3)(b)1–4, STATS., the prisoner's action can be dismissed. *See* § 801.02(7)(d).

[3] At this time, we need not address the propriety of commencing an original action in this court to pursue ineffective assistance of counsel claims relating to probation revocation.

Although Marth's claims are presented in a habeas petition,[4] the substantive challenges are to the probation revocation. It is on this basis that we consider the applicability of the PLRA to Marth's habeas petition.

The definition of prisoner in § 801.02(7)(a)2.c, STATS., clearly contemplates that an inmate is not a prisoner under the PLRA if he or she seeks relief from a judgment of conviction or sentence of a court "including an action for an extraordinary writ or supervisory writ *seeking relief from a judgment of conviction or a sentence of a court.*" (Emphasis added.) Here, Marth does not seek relief from the judgment of conviction or sentence of the court.[5] The respondents on Marth's habeas petition argue that probation revocation does not concern the validity of the conviction or sentence. We agree.

In *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), *cert. denied sub nom. Robinson v. Smith*, 118 S. Ct. 707 (1998), Newlin challenged a parole revocation by petition for a writ of habeas corpus. *See id.* at 437. The court, in discussing the applicability of the federal Prison Litigation Reform Act of 1995, Pub. L. 104–134, 110 STAT. 1321, stated that "[c]omplaints about denial

---

[4] Habeas relief focuses on whether "the order resulting in the restraint of liberty was made in violation of the constitution, or whether the entity which issued the order lacked the jurisdiction or legal authority to do so." *State ex rel. Harris v. Smith*, 220 Wis. 2d 158, 161, 582 N.W.2d 131, 132 (Ct. App. 1998).

[5] A defendant may appeal a sentence imposed after revocation of probation although he or she is barred from challenging the underlying judgment of conviction unless relief was timely sought from that conviction. *See State v. Tobey*, 200 Wis. 2d 781, 784, 548 N.W.2d 95, 96 (Ct. App. 1996); *see also State v. Drake*, 184 Wis. 2d 396, 399, 515 N.W.2d 923, 924 (Ct. App. 1994).

of parole, revocation of parole, and the like, do not affect the validity of the criminal sentence, and this litigation therefore cannot be called a functional continuation of the criminal prosecution." *Newlin*, 123 F.3d at 438.

We take the same view as it relates to probation revocation. Probation revocation is distinct from the underlying proceedings which culminated in a judgment of conviction and sentence. *See State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 384, 260 N.W.2d 727, 732 (1978) (probation revocation is independent from the underlying criminal action). Judicial review of probation revocation is by way of certiorari review to the court of conviction. *See State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971).

In his response, Marth argues that because his probation was revoked in 1994, he cannot be subject to the PLRA which took effect in 1998. We disagree. Marth's habeas petition is a new action commenced subsequent to the effective date of the PLRA. "Although most often inspired by other proceedings, habeas corpus nonetheless stands as an independent civil action and not as a motion in another proceeding." *Maier v. Byrnes*, 121 Wis. 2d 258, 260, 358 N.W.2d 833, 835 (Ct. App. 1984); *see also State v. Phillips*, 218 Wis. 2d 180, 189 n.5, 577 N.W.2d 794, 799 (1998) (habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit).

Marth argues that his sentence after revocation takes his habeas petition out of the PLRA. We disagree. Marth's sentence after revocation could have been

challenged under RULE 809.30, STATS.[6] The revocation itself was subject to certiorari review in the circuit court. *See Johnson*, 50 Wis. 2d at 550, 185 N.W.2d at 311.

Because Marth is a prisoner for purposes of his habeas petition, he is required to comply with the PLRA provisions for commencing an action when indigency is claimed. Marth filed a Prisoner's Petition for Waiver of Fees/Affidavit of Indigency under § 814.29(1m), STATS., and supplied the court with the required certified copy of his prison trust fund account statement. *See* § 814.29(1m)(b)2. However, Marth did not submit written authorization for payment of the fees to be made from his trust accounts as required by § 814.29(1m)(c)2. Such an authorization is required before this court can consider Marth's request to avoid prepayment of the filing fee. *See* § 814.29(1m)(c). Section 814.29(1m)(c)2 requires a prisoner to "authorize[ ] in writing the agency having custody of the prisoner's prison trust fund account to forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the fees or costs are paid in full." By separate order, Marth will be required to file the written authorization before we will consider his Prisoner's Petition for Waiver of Fees.[7] Pending receipt of the written authorization, Marth's Prisoner's Petition for Waiver of Fees is provisionally granted.

---

[6] It does not appear that Marth appealed from his sentence after revocation.

[7] The procedural propriety and merits of Marth's habeas corpus petition will not be addressed until he files the authorization form and the court disposes of his Prisoner's Petition for Waiver of Fees.

*By the Court.*—Petition for Waiver of Fees/Costs provisionally granted.