STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph SCACCIO III, Defendant-Appellant.

Court of Appeals

*Nos. 99–3101–CR, 00–0924. Submitted on briefs July 20, 2000.—Decided November 9, 2000.*

2000 WI App 265

(Also reported in 622 N.W.2d 449.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jim D. Scott* of *Michael Ablan Law Firm, S.C.* of La Crosse.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Dykman, P.J., Deininger, J., and William Eich, Reserve Judge.

¶ 1. DYKMAN, P.J. Joseph Scaccio appeals from a judgment sentencing him to five years in prison and an order denying his motion to modify the sentence. He argues that the trial court erred in failing to fully consider his motion to modify his sentence on its

merits. The State contends that Scaccio's motion was untimely because he failed to appeal the original judgment of conviction. We conclude that Scaccio's motion to modify was timely because a defendant may take a direct appeal from a subsequent judgment of conviction entered after probation revocation, although the appeal is limited to issues first raised by the post-revocation sentencing hearing and subsequent judgment. Because Scaccio properly moved to modify his sentence, he was entitled to a determination of whether his sentence should be modified because of a "new factor," not just whether the sentencing court erroneously exercised its discretion. However, we conclude that no new factor was present and that the trial court properly exercised its discretion in sentencing. Therefore, we affirm.

## I. Background

¶ 2.    On March 7, 1997, Scaccio was convicted of second-degree sexual assault of a child in violation of WIS. STAT. § 948.02(2) (1997–98).[1] In the original judgment of conviction, Scaccio received five years' probation. Two years later, the Division of Hearings and Appeals revoked Scaccio's probation. After a sentencing hearing, the trial court entered a second judgment of conviction dated June 14, 1999, sentencing Scaccio to five years in prison.

¶ 3.    Scaccio moved to modify his prison sentence. The motion indicated that he was seeking relief under WIS. STAT. RULE 809.30, which sets out the procedure for appeals and certain postconviction motions in fel-

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

ony cases.[2] At a November 10 hearing on the motion, the State argued that the motion was untimely. The trial court apparently agreed with the State, ruling that Scaccio missed the deadline to move for modification of his sentence as a matter of right under WIS. STAT. § 973.19. The trial court addressed Scaccio's motion, but treated it as a request only for review of the sentence for an erroneous exercise of discretion.[3] The trial court then concluded that it had not erroneously exercised its discretion in sentencing Scaccio. Scaccio appeals.[4]

---

[2] WISCONSIN STAT. RULE 809.30 reads, in part:

(Appeals in felony cases). (1) DEFINITIONS. In this section:
    (a) "Postconviction relief" means, in a felony or misdemeanor case, an appeal or a motion for postconviction relief other than a motion under s. 973.19 or 974.06. . . .
    (b) "Sentencing" means, in a felony or misdemeanor case, the imposition of a sentence, fine or probation. . . .
    (2) APPEAL OR POSTCONVICTION MOTION BY DEFENDANT. (a) A defendant seeking postconviction relief in a felony case shall comply with this section. Counsel representing the defendant at sentencing shall continue representation by filing a notice under par. (b) if the defendant desires to pursue postconviction relief unless sooner discharged by the defendant or by the trial court.

[3] The difference is important. A motion for modification under WIS. STAT. § 973.19 allows the court to modify the sentence based upon the presence of a "new factor," *State v. Coolidge*, 173 Wis. 2d 783, 788, 496 N.W.2d 701 (Ct. App. 1993), not just review the sentence for an erroneous exercise of discretion.

[4] On November 30, Scaccio filed a notice of appeal from the June 14 judgment of conviction and from the November 10 decision denying his motion to modify. At that time, there was no written order entered pursuant to the November 10 decision, so we dismissed the part of Scaccio's November 30 appeal from that decision for lack of jurisdiction. A postconviction order must be reduced to writing and filed with the clerk of court

## II. Analysis

### A. *Direct Appeal from a Subsequent Judgment of Conviction*

¶ 4.    To obtain review of a sentence in the trial court as of right, a defendant must move for sentence modification under WIS. STAT. RULE 809.30 or WIS. STAT. § 973.19. *See State v. Hayes*, 167 Wis. 2d 423, 425–26, 481 N.W.2d 699 (Ct. App. 1992). The facts here are undisputed, and whether Scaccio has properly appealed and moved for sentence modification presents a question of appellate jurisdiction and statutory interpretation. These are both questions of law that we examine de novo. *See Reginald D. v. State*, 193 Wis. 2d 299, 305–06, 533 N.W.2d 181 (1995) (statutory interpretation); *State v. Bratrud*, 204 Wis. 2d 445, 448, 555 N.W.2d 663 (Ct. App. 1996) (jurisdiction).

¶ 5.    The procedure under WIS. STAT. § 973.19 differs depending on whether the defendant has first initiated procedures under WIS. STAT. RULE 809.30. Section 973.19 provides, in relevant part:

> (1)(a)   A person sentenced to imprisonment or the intensive sanctions program or ordered to pay a fine who has not requested the preparation of transcripts under s. 809.30 (2) may, within 90 days after

before this court has jurisdiction to review the ruling. *See State v. Malone*, 136 Wis. 2d 250, 257–58, 401 N.W.2d 563 (1987). On February 3, 2000, the trial court entered a written order denying Scaccio's motion to modify his sentence, and Scaccio took a new appeal from the February 3 order. Scaccio then moved to consolidate that appeal from the February 3 order with his appeal from the June 14, 1999 judgment of conviction. We granted the motion because the appeals involve the same case, the same parties, and the same underlying circumstances.

the sentence or order is entered, move the court to modify the sentence or the amount of the fine.

(b)   A person who has requested transcripts under s. 809.30 (2) may move for modification of a sentence or fine under s. 809.30 (2) (h).

. . . .

(5)   By filing a motion under sub. (1) (a) the defendant waives his or her right to file an appeal or postconviction motion under s. 809.30 (2).

Thus, § 973.19 provides two alternative ways for a defendant to attack a sentence. *See State v. Norwood,* 161 Wis. 2d 676, 681, 468 N.W.2d 741 (Ct. App. 1991). One way is for a defendant to move for modification of the sentence under § 973.19(1)(a). *See id.* Under § 973.19(1)(a), a defendant does not have to request the preparation of transcripts and may obtain a faster decision from the trial court. *See id.* However, a defendant proceeding under § 973.19(1)(a) forfeits the opportunity to take a "full blown appeal" that would allow a challenge of issues in addition to the sentence modification. *Id.* Section 973.19(1)(a) operates independently of RULE 809.30 and allows a defendant to move for sentence modification only within ninety days from the date of sentencing. The other option open to a defendant is to first initiate an appeal with the modification of sentence as one issue. *See id.* In that case, the defendant proceeds under § 973.19(1)(b), after requesting the preparation of transcripts and otherwise following the regular appeal format set out in RULE 809.30. *See id.*

¶ 6.   Scaccio argues that he properly moved for sentence modification under WIS. STAT. § 973.19(1)(b), which, in reference to WIS. STAT. RULE 809.30(2)(h), allows a defendant sixty days from service of transcripts to file a notice of appeal or motion for

101

postconviction relief if that defendant had timely initiated postconviction relief under RULE 809.30(2).[5] The State contends that § 973.19(1)(b) was not available to Scaccio because he missed the deadline to file his RULE 809.30(2) direct appeal. The backbone of the State's position is that the time to initiate a direct appeal under RULE 809.30 runs from the original judgment of conviction only. We disagree and conclude that a defendant is entitled to a RULE 809.30 direct appeal from a subsequent judgment of conviction entered after probation revocation. Therefore, Scaccio was properly proceeding under § 973.19(1)(b) because he followed the RULE 809.30(2) time limits, counting from the date of the subsequent judgment.[6]

[5] WISCONSIN STAT. RULE 809.30(2) reads, in part:

(b)  Within 20 days of the date of sentencing, the defendant shall file in the trial court and serve on the district attorney a notice of intent to pursue postconviction relief. . . .

. . . .

(g)  The court reporter shall file the transcript with the trial court and serve a copy of the transcript on the defendant within 60 days of the ordering of the transcript. Within 20 days of the ordering of a transcript of postconviction proceedings brought under sub. (2) (h), the court reporter shall file the original with the trial court and serve a copy of that transcript on the defendant. The reporter may seek an extension under s. 809.16 (4) for filing and serving the transcript.

(h)  The defendant shall file a notice of appeal or motion seeking postconviction relief within 60 days of the service of the transcript.

[6] The judgment of conviction sentencing Scaccio to five years in prison was dated June 14, 1999. Two days later, Scaccio filed his notice of intent to pursue postconviction relief. The last transcript was filed with the circuit court on September 13. Scaccio filed his postconviction motion on October 28. Therefore, he met the deadlines set out in WIS. STAT. RULE 809.30(2) if the

¶ 7. Both Scaccio and the State point to two cases in support of their positions: *State v. Drake*, 184 Wis. 2d 396, 515 N.W.2d 923 (Ct. App. 1994), and *State v. Tobey*, 200 Wis. 2d 781, 548 N.W.2d 95 (Ct. App. 1996). Scaccio argues that the rule from *Drake* and *Tobey* is simply that a defendant may not challenge his or her original judgment of conviction after the time to appeal that judgment has passed. The State contends that under *Drake* and *Tobey*, a defendant has only one opportunity for a direct appeal under WIS. STAT. RULE 809.30, and that opportunity arises only in connection with the original judgment of conviction. We conclude that Scaccio's interpretation of *Drake* and *Tobey* is the better one.

¶ 8. In *Drake*, the trial court imposed four years' probation on Timothy Drake after he pleaded guilty to physical abuse of a child in 1990. *Drake*, 184 Wis. 2d at 397–98. After Drake's probation was revoked in May 1992, he returned to court for sentencing. *See id.* at 398. Before the court imposed the prison sentence, Drake moved to withdraw his guilty plea and for a trial. *See id.* The court denied the motion and imposed a sentence of three years in prison on October 30, 1992. *See id.* Drake filed a notice of intent to pursue postconviction relief under WIS. STAT. RULE 809.30(2)(b) and appealed from the judgment of conviction imposing the prison sentence. *See id.* All of Drake's arguments on appeal related to whether he should have been allowed to withdraw his guilty plea. *See id.* We concluded that we lacked jurisdiction to decide those issues. *See id.* We reasoned that had Drake wished to challenge the validity of his plea, he could have taken a direct appeal from the December 1990 judgment of conviction. *See id.* at

time limits are counted as running from the June 14, 1999 judgment.

399. By the time Drake moved to withdraw his guilty pea, the deadline for filing a direct appeal from that judgment "had long since expired." *Id.*

¶ 9.   In *Tobey*, Steven Tobey was convicted of receiving stolen property after pleading no contest. *Tobey*, 200 Wis. 2d at 782–83. In October 1993, he was placed on probation. *See id.* at 783. Tobey's probation was subsequently revoked, and he was sentenced to nine months in jail on May 3, 1995. *See id.* On May 10, Tobey filed a notice of intent to pursue postconviction relief. *See id.* He then filed a postconviction motion, alleging that he was not adequately advised of his right to counsel when the court received his October 1993 plea and that he did not voluntarily and intelligently waive his right to counsel at that time. *See id.* We concluded that Tobey was untimely under WIS. STAT. RULE 809.30 because he failed to file a notice of intent to pursue postconviction relief within twenty days of the October 1993 sentencing.[7] *See id.* at 784. We reasoned that: "Tobey chose to begin serving his probation without objecting to the events surrounding his 1993 conviction. Therefore, he cannot now raise these [right to counsel] issues because he is dissatisfied with the outcome of his sentencing after probation revocation." *Id.*

¶ 10.   The rule we derive from *Drake* and *Tobey* is that a defendant cannot use WIS. STAT. RULE 809.30 in conjunction with WIS. STAT. § 973.19(1)(b) to raise issues that go back to the original judgment of convic-

---

[7] Under WIS. STAT. RULE 809.30, a notice of intent to pursue postconviction relief must be filed within twenty days of sentencing, and "sentencing" includes the imposition of probation. *See State v. Tobey*, 200 Wis. 2d 781, 784, 548 N.W.2d 95 (Ct. App. 1996).

tion. A challenge to a post-revocation sentence does not bring the original judgment of conviction before the court. *See Drake*, 184 Wis. 2d at 399–400. However, the decisions in *Drake* and *Tobey* do not preclude a defendant from taking a direct appeal from a subsequent judgment of conviction. A defendant facing a new judgment after revocation of probation must have an opportunity to fully litigate issues *initially raised* by the events of the resentencing hearing and the judgment entered after that hearing.

¶ 11.   Our conclusion that a defendant's direct appeal is not limited to the initial judgment of conviction is supported by *State ex rel. Marth v. Smith*, 224 Wis. 2d 578, 592 N.W.2d 307 (Ct. App. 1999). Citing to *Drake* and *Tobey*, the *Marth* court explained: "A defendant may appeal a sentence imposed after revocation of probation although he or she is barred from challenging the underlying judgment of conviction unless relief was timely sought from that conviction." *Marth*, 224 Wis. 2d at 582 n.5. The *Marth* court added that "[the defendant]'s sentence after revocation could have been challenged under RULE 809.30." *Id.* at 583–84.

¶ 12.   While the *Marth* court was not addressing the same question as that before us today, it made the assumption that a defendant may take a direct appeal from a subsequent judgment of conviction. This assumption was and is the most proper assumption to make. From the time this court was created, WIS. STAT. § 808.03(1) has provided that "[a] final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law." *See also State v. Smythe*, 225 Wis. 2d 456, 464, 592 N.W.2d 628 (1999). A subsequent judgment of conviction after probation

revocation is as final a judgment as any other. We therefore conclude that Scaccio properly appealed the subsequent judgment of conviction and properly moved for sentence modification under WIS. STAT. § 973.19(1)(b).

## *B.  Scaccio's Sentence*

¶ 13.   When proceeding under WIS. STAT. § 973.19, a defendant's sentence may be modified if there is some "new factor." *State v. Coolidge*, 173 Wis. 2d 783, 788, 496 N.W.2d 701 (Ct. App. 1993). Because the trial court concluded that Scaccio's motion was untimely under § 973.19, it only considered whether the sentencing court had erroneously exercised its discretion. The trial court did not engage in a "new factor" analysis. We have concluded that Scaccio was properly proceeding under § 973.19(1)(b), therefore we address the question of whether a new sentencing factor merited modification of his sentence. We need not remand Scaccio's case to the trial court as he requests. Whether a new factor exists presents a question of law that we review de novo. *See State v. Johnson*, 210 Wis. 2d 196, 203, 565 N.W.2d 191 (Ct. App. 1997).

¶ 14.   "A new factor is a fact that is highly relevant to the imposition of sentence but was not known to the sentencing judge either because it did not exist or because the parties unknowingly overlooked it." *Johnson*, 210 Wis. 2d at 203. "There must also be a nexus between the new factor and the sentence; the new factor must operate to frustrate the sentencing court's original intent when imposing sentence." *Id.*

106

¶ 15. At the motion hearing, Scaccio noted several circumstances which he claimed justified a modification of his sentence. He explained that he had become involved in Alcoholics Anonymous and had completed his high school equivalency diploma. He also stated that he had not been in any trouble in prison, even though others had tried to start fights with him. While these are circumstances that did not exist at the time of sentencing, none of them constitute a new sentencing factor. We have previously held that "post-sentencing conduct, including favorable progress in a prison rehabilitation system, does not constitute a new factor for the purposes of modification of the length of a prison sentence." *State v. Ambrose*, 181 Wis. 2d 234, 240, 510 N.W.2d 758 (Ct. App. 1993).

¶ 16. At the motion hearing, Scaccio also pointed out that it no longer appeared that he would be released early on parole, something the trial court had stated was "likely" at the time it imposed the five-year prison sentence. We are not convinced that a possible change in time to parole meets the new factor nexus test under the facts here. At the time it sentenced him to prison, the court noted that it had originally determined that Scaccio might benefit from probation rather than a prison term. However, the court explained, Scaccio had "continued to get [himself] in physically assaultive situations" and to otherwise violate conditions of parole. The court then concluded that probation was not serving Scaccio's rehabilitative needs and that a prison sentence was the proper alternative. That Scaccio may not be released on early parole can hardly be said to frustrate the sentencing court's intention that Scaccio serve a five-year prison term to best benefit both his own rehabilitative needs

as well as the public safety. We conclude that Scaccio has not presented any "new factor" warranting modification of his sentence.

¶ 17.   Even without the presence of a new factor, a trial court may still review a sentence to determine whether the sentencing court erroneously exercised its discretion. *See State v. Ralph*, 156 Wis. 2d 433, 438, 456 N.W.2d 657 (Ct. App. 1990). We apply the same standard of review. *See State v. Giebel*, 198 Wis. 2d 207, 220, 541 N.W.2d 815 (Ct. App. 1995). If the sentence is "unduly harsh or unconscionable," the sentencing court has erroneously exercised its discretion, and the sentence may be reduced. *Ralph*, 156 Wis. 2d at 438–39 (quoting *Cresci v. State*, 89 Wis. 2d 495, 504, 278 N.W.2d 850 (1979)). The defendant must show an "unreasonable or unjustifiable basis in the record for the sentence complained of." *State v. Thompson*, 146 Wis. 2d 554, 565, 431 N.W.2d 716 (Ct. App. 1988). We are to presume that the sentencing court acted reasonably. *See id.*

¶ 18.   Even though it did not apply the new factor test, the trial court reviewed Scaccio's sentence and concluded that the sentencing court properly exercised its discretion. We agree. We first note that the maximum prison term for second-degree sexual assault of a child under WIS. STAT. § 948.02(2) at the time that Scaccio was convicted was twenty years, fifteen more than Scaccio received.[8] *See* WIS. STAT. §§ 939.50(3)(bc) and 948.02(2). A sentence well within the limits of the maximum sentence is unlikely to be unduly harsh or unconscionable. *See State v. Daniels*, 117 Wis. 2d 9, 22,

--------

[8] The maximum prison term has since increased. *See* 1997 Wis. Act 283, § 323.

343 N.W.2d 411 (Ct. App. 1983). Therefore, a five-year prison term for second-degree sexual assault of a child will rarely constitute an erroneous exercise of sentencing discretion. In addition, the sentencing court considered a number of the factors relevant to sentencing in deciding that the five-year prison term was a reasonable sentence.[9] Finally, Scaccio has not asserted that the sentencing court had an unreasonable or unjustifiable basis for the five-year prison sentence. We therefore conclude that the sentencing court did not erroneously exercise its discretion.

*By the Court.*—Judgment and order affirmed.

---

[9] In imposing sentence, the court considers "the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." *McCleary v. State*, 49 Wis. 2d 263, 276, 182 N.W.2d 512 (1971). The sentencing court may also consider:

the defendant's criminal record; history of undesirable behavior patterns; personality, character and social traits; results of a presentence investigation; vicious or aggravated nature of the crime; degree of culpability; demeanor at trial; age, educational background and employment record; remorse, repentance and cooperativeness; need for close rehabilitative control; and rights of the public.

*State v. Curbello-Rodriguez*, 119 Wis. 2d 414, 433, 351 N.W.2d 758 (Ct. App. 1984).