

OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT I

October 22, 2024

*To*:

Hon. Stephanie Rothstein
Electronic Notice

Anna Hodges
Clerk of Circuit Court
Milwaukee County Safety Building
Electronic Notice

Urszula Tempska
Electronic Notice

Jennifer L. Vandermeuse
Electronic Notice

Durrell Dawuan Harris 696828
Waupun Correctional Inst.
P.O. Box 351
Waupun, WI 53963-0351

You are hereby notified that the Court has entered the following opinion and order:

2022AP1391-CRNM     State of Wisconsin v. Durrell Dawuan Harris (L.C. # 2018CF5569)

Before White, C.J., Geenen and Colón, JJ.

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Durrell Dawuan Harris appeals from a judgment convicting him of three counts of first-degree sexual assault—forcibly aiding and abetting, as a party to a crime, and one count of kidnapping, as a party to a crime. Appellate counsel, Urszula Tempska, filed a no-merit report pursuant to WIS. STAT. RULE 809.32[1] and *Anders v. California*, 386 U.S. 738 (1967). Harris received a copy of the report, was advised of his right to file a response, and has responded. We have independently reviewed the record, the no-merit report, and the response, as mandated by

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*Anders*. We conclude that there are no issues of arguable merit that could be pursued on appeal. We therefore summarily affirm. *See* WIS. STAT. RULE 809.21.

An amended information charged Harris with the following thirteen crimes:

> Count one: first-degree sexual assault (forcibly aiding and abetting), as a party to the crime, relating to victim M.L.W.
>
> Count two: kidnapping (carries forcibly), as a party to the crime, relating to victim M.L.W.
>
> Count three: first-degree sexual assault (forcibly aiding and abetting), as a party to the crime, relating to victim A.H.
>
> Count four: kidnapping (carries forcibly), as a party to the crime, relating to victim A.H.
>
> Count seven: first-degree sexual assault (forcibly aiding and abetting), as a party to the crime, relating to victim L.M.
>
> Count eight: kidnapping (carries forcibly), as a party to the crime, relating to victim L.M.
>
> Count nine: first-degree sexual assault (forcibly aiding and abetting), as a party to the crime, relating to victim M.A.
>
> Count ten: kidnapping (carries forcibly), as a party to the crime, relating to victim M.A.
>
> Count eleven: first-degree sexual assault (forcibly aiding and abetting), as a party to the crime, relating to victim E.J.
>
> Count twelve: attempted first-degree sexual assault (forcibly aiding and abetting), as a party to the crime, relating to victim S.K.
>
> Count thirteen: kidnapping (carries forcibly), as a party to the crime, relating to victim S.K.
>
> Count fourteen: robbery, relating to victim S.K.
>
> Count fifteen: kidnapping (carries forcibly), as a party to the crime, relating to victim E.J.

The charges stemmed from a series of allegations reported by women who set up dates on the social media app "Tagged" and were then sexually assaulted. The women alleged that once

they met with their dates, either to smoke or engage in sexual activity, they were blindfolded, kidnapped, and forced to engage in non-consensual sexual activity. The State charged Harris, along with two co-actors, Jerry Miller and Davoncia McAfee, with multiple crimes relating to sexual assault, kidnapping, and robbery. Harris and Miller were tried jointly, while McAfee entered a plea agreement. At the close of evidence, Harris moved to dismiss counts one, two, and twelve. The trial court granted Harris's motion as to counts one and two. The jury then found Harris guilty of counts nine, eleven, twelve, and fifteen and acquitted Harris of the remaining charges. The trial court issued a global sentence of twenty-eight years in the Wisconsin state prison system, bifurcated as eighteen years of initial confinement followed by ten years of extended supervision. This no-merit report follows.

The no-merit report addresses the following appellate issues: (1) whether Harris's due process rights to counsel, the effective assistance of counsel, or any other due process rights were violated; (2) whether the trial court erroneously exercised its sentencing discretion; (3) whether any other non-harmless errors occurred, and (4) the sufficiency of the evidence.

Taking counsel's arguments out of order, we first address the sufficiency of the evidence. Our standard of review is whether the evidence, viewed in the light most favorable to the State, is so insufficient in probative value and force that as a matter of law no reasonable jury could have found guilt beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). The standard is the same whether the evidence is direct or circumstantial. *Id.* The record reveals that at least twenty witnesses testified, including multiple victims, law enforcement, SANE nurses, forensic experts, and Harris, himself. It was for the jury to weigh the evidence, resolve conflicts in the testimony, and draw inferences from the evidence. *Id.* at 506. Upon the evidence adduced at trial, we cannot say that the jury erred in finding guilt

3

beyond a reasonable doubt for four of the thirteen charges. We conclude that there is no arguable merit to a challenge to the sufficiency of the evidence.

Appellate counsel also addresses whether the trial court erroneously exercised its sentencing discretion. *See State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197; *State v. Ziegler*, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76. Our review of the record confirms that the trial court thoroughly considered the relevant sentencing objectives and factors. The trial court specifically focused on the violent nature of the offenses and Harris's rehabilitative needs. The sentence the trial court imposed is within the range authorized by law, *see State v. Scaccio*, 2000 WI App 265, ¶18, 240 Wis. 2d 95, 622 N.W.2d 449, and is not so excessive so as to shock the public's sentiment, *see Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). There would be no arguable merit to a challenge to the trial court's sentencing discretion.

We normally decline to address claims of ineffective assistance of trial counsel if the issue was not raised by a postconviction motion in the trial court. *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). However, because appointed counsel asks to be discharged from the duty of representation, we must determine whether an ineffective assistance of counsel claim would have sufficient merit to require appointed counsel to file a postconviction motion and request a *Machner* hearing. *State v. Allen*, 2010 WI 89, ¶88, 328 Wis. 2d 1, 786 N.W.2d 124 (broad scope of no-merit review suggests that we "should identify issues of arguable merit even if those issues were not preserved in the [trial] court, especially where the ineffective assistance of postconviction counsel was the reason those issues were not preserved for appeal"). Our review of the record does not suggest any ineffective assistance of counsel claim.

4

Turning next to whether any other non-harmless errors or due process violations occurred, counsel specifically addresses the verdicts, Harris's motion to dismiss, Harris's testimony and the joinder of Harris's and Miller's trials. We agree with appellate counsel's determination that there are no arguably meritorious issues for appeal pertaining to any of these matters.

In addition to the issues discussed above, we have independently reviewed the record. We have reviewed, *inter alia*, the pre-trial proceedings, voir dire, evidentiary rulings during trial, opening and closing statements, and the jury instructions. We have not located any arguably meritorious issues for appeal.

In his response, Harris partially relays some "inside facts," partially maintains his innocence and partially apologizes for untruthful behavior. He also maintains that he received ineffective assistance of counsel and that the evidence presented at trial did not support the verdicts. As stated, the record does not support a claim for either ineffective assistance of counsel or insufficiency of the evidence.

Because we conclude that there would be no arguable merit to any issues that could be raised on appeal, we accept the no-merit report, affirm the judgment of conviction, and relieve Attorney Tempska of further representation of Harris in this appeal.

Upon the foregoing, therefore,

IT IS ORDERED that the judgment is summarily affirmed. *See* WIS. STAT. RULE 809.21.

IT IS FURTHER ORDERED that Attorney Urszula Tempska is relieved of further representation of Durrell Dawuan Harris in this matter. *See* WIS. STAT. RULE 809.32(3).

IT IS FURTHER ORDERED that this summary disposition order will not be published.

*Samuel A. Christensen*
*Clerk of Court of Appeals*