COURT OF APPEALS
DECISION
DATED AND FILED

July 2, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP675-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF170

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

CLINTON L. WERLEIN II,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Affirmed*.

Before Neubauer, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Clinton L. Werlein II appeals a judgment of conviction, entered on his guilty pleas, for three counts of second-degree sexual assault of a child under 16 years of age.  He also appeals an order denying postconviction relief.  On appeal, Werlein argues he is entitled to resentencing because the circuit court erroneously exercised its discretion by imposing an excessive sentence.  We affirm.

¶2     During the early morning hours of Saturday, January 30, 2021, Werlein, then 30 years old, repeatedly raped a 13-year-old child for hours.  The amended criminal complaint detailed how Werlein touched the child's breast, digitally penetrated the child's vagina, forced her inside a bathroom, took her clothes off, stuck his tongue in her mouth, touched and kissed her breasts, placed her hand on his erect penis, put his penis in her mouth, ejaculated on her mouth and face, demanded she swallow, placed his penis in her vagina and anus, took her to the living room, digitally penetrated her vagina, performed oral sex on her, and placed his penis in her vagina.  He then had the child get dressed and again touched her breasts and vagina.  The child went to sleep.  Later, when the child woke up, Werlein touched the child's vagina and attempted to get her to do more.  He then told the child that if she told on him, he would shoot himself.  The State charged Werlein with 15 counts of second-degree sexual assault of a child, one count of attempted second-degree sexual assault of a child, two counts of child enticement, and one count each of false imprisonment and exposing genitals.

¶3     Pursuant to a plea agreement, Werlein pled guilty to three counts of second-degree sexual assault of a child.  The remaining counts were dismissed and read in.  A presentence investigation ("PSI") report asked that Werlein's sentence include 30-33 years' initial confinement.  At sentencing, the State recommended a sentence that included 30 years' initial confinement; the defense asked for six to

nine years' initial confinement. In support of its recommendation, the defense offered a memorandum that included, in part, a compilation of other Racine County defendants' sentences.

¶4    At sentencing, the circuit court stated it reviewed all the material provided, and it had to consider various sentencing objectives. As to gravity of the offense, the court explained:

> The only other thing you could have done to this child was kill her ….
>
>     So this is an incredibly serious offense. I mean, let's not gloss this over here. You orally raped a child. You anally raped a child. You vaginally raped a child. Then to try to continue your power over this child, you told her that you would shoot yourself, putting maybe guilt and blame on her so that you could cover your very deviant deeds.
>
>     So this is a very serious offense. I understand it wasn't over the course of days, weeks, or years. This was one night, probably one night that [the child] will never forget.

¶5    When considering protection of the public, the circuit court stated,

> I have to look at somebody sitting before me who had absolutely no problem raping a child. I need to protect the public from somebody who was so sexually aroused, he became erected. So it wasn't as if you just digitally penetrated. You were fully sexually aroused by this child. I got to protect the public from somebody who has that proclivity.

¶6    The circuit court then noted, "There has to be punishment. There has to be rehabilitation. There also has to be some form of deterrence." The court also focused on the "incredible impact" Werlein's crimes had on the child, observing she had since "engaged in self-harm, cutting herself." Given the "incredibly negative impact that [Werlein] had on this girl and her family … the punishment for this has to be substantial." Ultimately, the court sentenced

Werlein to consecutive sentences of 10 years' initial confinement and 5 years' extended supervision on each sexual-assault count for a cumulative sentence of 30 years' initial confinement and 15 years' extended supervision.

¶7     Werlein moved for postconviction relief. He argued the circuit court erroneously exercised its sentencing discretion because his sentence was unduly harsh. He asserted his sentence was excessive when compared to other Racine County defendants, the court should not have imposed consecutive sentences when his crimes represented a course of conduct over a short time period, and the court failed to consider his rehabilitative needs. Following a hearing, the court denied Werlein's motion.

¶8     Werlein renews his arguments on appeal. We review a circuit court's determination "that a sentence it imposed was *not* unduly harsh … [under] an erroneous exercise of discretion" standard.[1] ***State v. Grindemann***, 2002 WI App 106, ¶30, 255 Wis. 2d 632, 648 N.W.2d 507. "[S]entencing decisions of the circuit court are generally afforded a strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant." ***State v. Gallion***, 2004 WI 42, ¶18, 270 Wis. 2d 535, 678 N.W.2d 197 (citation omitted; alteration in original).

¶9     When fashioning a sentence, a circuit court must consider the gravity of the offense, the need to protect the public, the defendant's rehabilitative needs,

---

[1] In his brief, Werlein states: "In contrast to the usual deferential review, Mr. Werlein asks that this court take a fresh look at whether the sentence imposed upon him was a misuse of discretion and unduly harsh and excessive and the process by which the [circuit] court determined the sentence." We decline his request. Our review is for an erroneous exercise of discretion. *See **State v. Grindemann***, 2002 WI App 106, ¶30, 255 Wis. 2d 632, 648 N.W.2d 507; *see also **Cook v. Cook***, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).

and applicable aggravating or mitigating factors. WIS. STAT. § 973.017(2)(ad)-(b) (2023-24).[2] The court may also consider a broad range of additional factors related to the offender, the crime, and the community. *Gallion*, 270 Wis. 2d 535, ¶43 n.11. The court has discretion to determine the factors that are relevant in imposing sentence and the weight to assign each relevant factor. *Id.*, ¶41.

¶10 Here, the Record reflects the circuit court considered the appropriate sentencing factors, focusing on gravity of the offense, public protection, and punishment. Although Werlein argues the court erroneously exercised its discretion by failing "to consider the mandatory sentencing objective of rehabilitation," the sentencing transcript reveals the court considered Werlein's rehabilitation. Further, at the postconviction hearing, the court explained it did not "focus heavily" on Werlein's rehabilitation because rehabilitation was not "at the top" of its sentencing objectives for Werlein. The court was not required to make rehabilitation a paramount sentencing objective or fashion a sentence in accordance with Werlein's rehabilitative needs. *See id.* (the circuit court has discretion over which objectives it gives the greatest weight in each case). The court did not erroneously exercise its discretion in regard to Werlein's rehabilitation.

¶11 Werlein also argues the circuit court improperly ignored his "modest prior record and low risk of recidivism." The court, however, was aware of this information because it was in the PSI report and Werlein made these arguments to the court before it imposed its sentence. Instead, as previously stated, the court

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

focused its sentence on gravity of the offense, public protection, and punishment. It was not error for the court to do so. *See **id.***

¶12 As for the length of Werlein's sentence, second-degree sexual assault of a child under 16 years of age is a Class C felony. *See* WIS. STAT. § 948.02(2). The penalty for a Class C felony is "a fine not to exceed $100,000 or imprisonment not to exceed 40 years, or both." WIS. STAT. § 939.50(3)(c). The maximum term of initial confinement for a Class C felony "may not exceed 25 years." WIS. STAT. § 973.01(2)(b)3. Here, Werlein pled to three Class C felonies. The circuit court sentenced Werlein to ten years' initial confinement on each of the counts, which is less than half of the maximum term of initial confinement for his crimes. *See **State v. Scaccio***, 2000 WI App 265, ¶18, 240 Wis. 2d 95, 622 N.W.2d 449 ("A sentence well within the limits of the maximum sentence is unlikely to be unduly harsh or unconscionable.").

¶13 On appeal, Werlein argues his sentence was unduly harsh because the circuit court failed to give more weight to the sentences in comparative cases. He argues that if the court had sentenced him consistent with these cases, "the confinement portion of Mr. Werlein's sentence should have been around 20 years."

¶14 However, "[t]here is no requirement that defendants convicted of committing similar crimes must receive equal or similar sentences." ***State v. Lechner***, 217 Wis. 2d 392, 427, 576 N.W.2d 912 (1998). "On the contrary, individualized sentencing is a cornerstone to Wisconsin's system of … sentencing." ***Id.*** "[N]o two convicted felons stand before the sentencing court on identical footing. The sentencing court must assess the crime, the criminal, and

the community, and no two cases will present identical factors." *Id.* (citation omitted; alteration in original).

¶15 The Record reflects that the circuit court did consider the comparative cases. At sentencing, the court advised Werlein that it had reviewed the materials he provided. At the postconviction hearing, the court explained Werlein's sentence was based on factors unique to Werlein's case, including the number of sexual assaults committed, the 17 read-in offenses, and the information presented at sentencing such as when Werlein insisted in jail calls that the child was a liar. The court also concluded Werlein "failed to establish any connection between himself, his crimes, and those defendants in other crimes that he is comparing to his sentence." The court concluded that without "a connection, disparate sentences are totally irrelevant to the sentence imposed in this case." We agree. *See McCleary v. State*, 49 Wis. 2d 263, 272, 182 N.W.2d 512 (1971) ("In the absence of a nexus between the crimes and defendants, the disparate sentences are totally irrelevant to this consideration."). We conclude the court did not erroneously exercise its discretion by failing to give more weight to the defense's comparative sentence analysis.

¶16 Finally, Werlein argues the circuit court erroneously exercised its discretion by imposing consecutive sentences. He believes he should have been sentenced to a concurrent sentence because his "crimes represented a consistent course of conduct over approximately 10 hours … with the same victim."

¶17 "A [circuit] court properly exercises its discretion in imposing consecutive or concurrent sentences by considering the same factors as it applies in determining sentence length." *State v. Berggren*, 2009 WI App 82, ¶46, 320 Wis. 2d 209, 769 N.W.2d 110. The Record reflects the court considered proper

sentencing factors, and in light of those factors, imposed consecutive sentences. At sentencing, the court stated, in part: "You orally raped a child. You anally raped a child. You vaginally raped a child." At the postconviction hearing, the court explained, "I believed that it was proper to sentence Mr. Werlein to consecutive periods of punishment for separate and distinct forms of raping a child." Given the Record, we cannot conclude the court erroneously exercised its discretion by imposing consecutive sentences on each of Werlein's convictions. We also cannot determine Werlein's "sentence is so excessive and unusual and so disproportionate to the offense[s] committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *See Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). We conclude the circuit court appropriately exercised its sentencing discretion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

8