STATE of Wisconsin, Plaintiff-Appellant,

v.

Richard S. RALPH, Defendant-Respondent.

Court of Appeals

*Nos. 89–1782–CR, 89–1783–CR. Submitted on briefs April 3, 1990.—Decided April 26, 1990.*

(Also reported in 456 N.W.2d 657.)

For the plaintiff-appellant the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, by *Barry M. Levenson,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Hoskins, Brown, Kalnins & McNamara,* by *Mark H. Hoskins, Jr.* of Lancaster.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J. The state appeals from an order granting Richard Ralph's motions to modify his

sentences. We deem the issues to be whether: (1) the fact that an accomplice received a lesser sentence is a "new factor" where the trial court was informed at sentencing that the lesser sentence had been recommended for the accomplice; (2) the fact that the accomplice had previously served jail time is a new factor where the trial court was informed at sentencing only that the accomplice had a past record; and (3) whether we may sustain the trial court's reduction of Ralph's sentence because the original sentence was unduly harsh or unconscionable. We conclude that only the accomplice's prior jail time is a new factor. We hold the trial court did not abuse its discretion because it implicitly concluded that its original sentence was unduly harsh. We therefore affirm the order.

Ralph pled guilty to possession of marijuana with intent to deliver, sec. 161.41(1m)(h)1, Stats., and delivery of marijuana, sec. 161.41(1)(h)1. He had previously been convicted of selling cocaine in 1982. The trial court sentenced him to two consecutive terms of twenty-four months imprisonment.

Ralph's accomplices were each charged with two counts of delivering marijuana. Each pled guilty to one count. The district attorney dismissed the second count in each case and recommended eighteen months imprisonment. One accomplice, Lisa Cree, had no prior record and was sentenced to fifteen months. The other, Rodney Glassbrunner, had a prior record including jail time and received eighteen months.

At the hearing on Ralph's motion for modification of sentence under sec. 973.19, Stats., the trial court stated:

> The court was unaware of the fact that a participant in the Ralph operation, so to speak, had—was sentenced after Mr. Ralph to a lesser sentence. The

court was unaware of not only that sentence that was about to be imposed, but imposed upon a defendant who had a prior record, as did Mr. Ralph, and whose prior record was enhanced by the fact that that person also received jail time. That's a factor that if—had I known that, I would have wanted to have Mr. Ralph's sentence consistent for two reasons. First of all, sentencing guidelines are now a fact in Wisconsin trial courts. Guidelines are exactly what the name implies. They're for the assistance of not only the prosecutor and defendant's counsel but for the court to make sentences consistent with each other. The same crime, given the same set of circumstances and absent something in the background that would make it different, should receive the same sentence. In this particular case, had I known that this other participant was to receive a sentence of 18 months with a background that this person has, which in my judgment is consistent with that of Mr. Ralph's, the sentence that was imposed here would not have been imposed; and, therefore, I am modifying the sentence . . ..

The court modified Ralph's sentence to two concurrent terms of eighteen months each. The state appealed.

A new factor meriting possible sentence modification is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *State v. Franklin,* 148 Wis. 2d 1, 8, 434 N.W.2d 609, 611 (1989) (quoting *Rosado v. State,* 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 [1975]). Whether a fact or set of facts is a new factor is a question of law we decide *de novo. Id.*

No one could know the sentences the accomplices would receive before they were sentenced. However, at Ralph's sentencing, the prosecutor informed the trial court of the recommended sentences for the accomplices and that one accomplice had a prior criminal record. The prosecutor said:

> Both [accomplices] were charged with two counts, I agreed to dismiss one of the two counts in return for a plea of guilty to the other and a recommendation on each of those persons of 18 months imprisonment. Lisa Cree has no prior criminal history; Rodney Glassbrunner does . . ..
>
> I'm not saying what the court will ultimately do. Lisa Cree's sentencing is awaiting a decision at this point, and Rodney Glassbrunner has not yet pled in return for that agreement, but I cite that merely to show that it wasn't an immunity situation but rather a recommendation of 18 months for those persons, and I feel that if that is the recommendation, that certainly this defendant with greater trafficking involvement in controlled substances going back to this present situation and to the past deserves a greater penalty.

The district attorney did not inform the court that Glassbrunner had previously been imprisoned.

We conclude that the trial court erroneously relied on Glassbrunner's eighteen-month sentence as a new factor with respect to Ralph's sentence. Glassbrunner's sentence was identical to that recommended for him, and the court knew of that recommendation when it sentenced Ralph. While Glassbrunner's sentence "was not then in existence," *Franklin,* 148 Wis. 2d at 8, 434 N.W.2d at 611, at the time of Ralph's sentencing, the recommendation was. The recommendation was cited to

the court at Ralph's sentencing and therefore was not "unknowingly overlooked by all of the parties." *Id.* In other words, that Glassbrunner might very well receive a sentence substantially lighter than that given Ralph was known to the court at Ralph's sentencing. It strains logic to treat an accomplice's sentence *conforming* to a recommendation as a "new factor" for consideration in Ralph's sentencing. But Glassbrunner's prior jail term is a new factor. No party mentioned that factor at the sentencing hearing. All parties unknowingly overlooked that factor.

We do not determine whether the trial court abused its discretion in modifying the sentence based upon that single new factor. We sustain the court's determination on an independent basis. *See Haskins v. State,* 97 Wis. 2d 408, 415, 294 N.W.2d 25, 31 (1980) (appellate court may sustain discretionary decision on basis not fully considered by trial court). That basis is the harshness of Ralph's sentence compared to that of Glassbrunner, the two being similarly situated.

A trial court may modify a sentence even though no new factors are presented. *Jones (Hollis) v. State,* 70 Wis 2d 62, 72–73, 233 N.W.2d 441, 447 (1975). The *Jones* court stated that *State v. Wuensch,* 69 Wis. 2d 467, 230 N.W.2d 665 (1975), permits trial courts to review their own sentences to determine whether they are unduly harsh or unconscionable. The supreme court reaffirmed *Wuensch* in *Cresci v. State,* 89 Wis. 2d 495, 504, 278 N.W.2d 850, 854 (1979):

> While the trial court may not revise a sentence merely upon "reflection," *Scott v. State,* 64 Wis. 2d 54, 59, 218 N.W.2d 350 [, 353] (1974), it may review its sentence for abuse of discretion based upon its conclusion that the sentence was unduly harsh or

438

unconscionable. [*Wuensch* at 480, 230 N.W.2d at 672-73.] If the sentence is to be reduced upon those grounds, the trial court should set forth its reasons why it concludes the sentence originally imposed was unduly harsh or unconscionable. *Id.*

The trial court's conclusion that Ralph's original sentence was unduly harsh is implicit in the court's reasons for the modification. First, the court noted the disparate sentences and alluded to the sentencing guideline discouraging such a result for similarly situated offenders. *See* Wis. Adm. Code sec. SC 1.01(2)(d) ("[s]imilarly situated offenders should receive similar sentences"). Second, it found in effect that Ralph and Glassbrunner were similarly situated. Third, it emphasized that Glassbrunner's prior jail term was a new factor meriting consideration. These reasons adequately support the trial court's discretionary determination that the original sentence was unduly harsh.

The state argues that the finding that Ralph and Glassbrunner are similarly situated is clearly erroneous. The state avers that Ralph dealt in larger quantities of drugs than his accomplices and was the only one with a prior drug conviction. While we may not have made the same finding as the trial court, it is not clearly erroneous.

The trial court erred by concluding that a sentence corresponding to a recommendation of which the court was aware is a new factor. However, we sustain its modification of Ralph's sentence as a reduction of an unduly harsh or unconscionable sentence.

*By the Court.*—Order affirmed.