# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2021AP85-CR** | Cir. Ct. No. 2018CF3220 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT I** |

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

TOMMY A. CRAWFORD,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Tommy A. Crawford appeals a judgment of conviction, following a jury trial, and an order denying a postconviction motion. On appeal, Crawford contends that: (1) the trial court erred in allowing the State to amend the information during the trial; (2) the evidence was insufficient to establish that one of the victims suffered great bodily harm; (3) newly discovered evidence warranted a new trial; and (4) Crawford's codefendant's sentence constituted a "new factor," or in the alternative, Crawford's sentence was unduly harsh. We reject Crawford's arguments, and we affirm.

## BACKGROUND

¶2     According to the criminal complaint, A.M.H. Sr. told police that on February 24, 2018, in the City of Milwaukee, as he got out of his car, he was confronted by two men. They began to fight, and A.M.H. Jr. came out of the house to help. One of the men began shooting. A.M.H. Sr. was hospitalized for a gunshot wound to the foot, and A.M.H. Jr. was hospitalized for gunshot wounds to his left arm and stomach area. A photo array was conducted with eyewitness N.L. N.L. identified Lasal Sanders as being involved in fighting with A.M.H. Sr. and firing approximately six shots with a semiautomatic pistol. N.L. also identified Crawford as fighting with A.M.H. Sr., running after Sanders fired, and then firing two shots from a revolver.

¶3     Crawford was charged with two counts of second-degree reckless injury with use of a dangerous weapon, as a party to a crime. The case proceeded to a jury trial in 2018. Prior to the State's last witness, the State filed an amended information charging Crawford with first-degree recklessly endangering safety with use of a dangerous weapon, as a party to a crime, and first-degree reckless injury with use of a dangerous weapon, as a party to a crime. Over the objection

of the defense, the circuit court accepted the amended information. The court stated that while there was an increase in exposure, "it's not of a magnitude that causes this [c]ourt concern. If we were talking about additional counts or something that meant life in prison versus [twelve] and a half years, or [seventeen] and a half years … then there'd be different issues[.]" Additionally, "the amended charges are of a like and kind and variety and nature[.]"

¶4 A jury found Crawford guilty as charged in the amended information. The circuit court imposed a total sentence of ten years of initial confinement and five years of extended supervision.

¶5 Subsequently, in 2020, Sanders went to trial and was found guilty of first-degree recklessly endangering safety with use of a dangerous weapon, as a party to a crime, and carrying a concealed weapon. Sanders, who was sentenced by a different judge than Crawford, received a four year term of probation and an imposed and stayed prison sentence of eight years.

¶6 Crawford filed a motion for postconviction relief. The motion argued that: (1) the circuit court erroneously exercised its discretion when it allowed the State to amend the information during trial; (2) there was insufficient evidence to prove that A.M.H. Jr. suffered great bodily harm; (3) newly discovered evidence entitled Crawford to a new trial; and (4) Sanders' lesser sentence was a new factor or, in the alternative, Crawford's sentence was unduly harsh and unconscionable.

¶7 The circuit court denied Crawford's motion without an evidentiary hearing. The court held that the amended charges were based on the same facts and events which supported the charges in the original complaint and did not prejudice the defense strategy, which focused on the identity of the shooter. The

3

court also held that the evidence was sufficient to sustain the first-degree reckless injury conviction and that Crawford did not allege newly discovered evidence warranting a new trial. In addition, the court found that Crawford was not entitled to sentence modification.

¶8 Crawford now appeals and renews the arguments in his postconviction motion. Below, we address each of his arguments and provide additional background information as needed.

## DISCUSSION

### I. Amended Information

¶9 Crawford first contends that the State's amendment to the charges during his trial prejudiced him.

¶10 WISCONSIN STAT. § 971.29 (2019-20)[1] provides, "[a]t the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant." We will not reverse a circuit court's decision to allow an amendment absent an erroneous exercise of discretion. *State v. Frey*, 178 Wis. 2d 729, 734, 505 N.W.2d 786 (Ct. App. 1993). "There is a misuse of discretion if the defendant is prejudiced by the amendment." *State v. Neudorff*, 170 Wis. 2d 608, 615, 489 N.W.2d 689 (Ct. App. 1992). "Rights of the defendant which may be prejudiced by an amendment are the rights to notice, speedy trial and the opportunity to defend." *Id.*

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

4

¶11    Here, the record does not reflect that Crawford was prejudiced by the amendment to the information. Crawford was originally charged with two counts of second-degree reckless injury with use of a dangerous weapon, as a party to a crime. These charges were based on the February 24, 2018 shooting of A.M.H. Sr. and A.M.H. Jr. The amended charges of first-degree recklessly endangering safety with use of a dangerous weapon, as a party to a crime, and first-degree reckless injury with use of a dangerous weapon, as a party to a crime, were based on the exact same shooting incident. Thus, the defense had advance notice of the allegations. *See* ***State v. Wickstrom***, 118 Wis. 2d 339, 349, 348 N.W.2d 183 (Ct. App. 1984) ("Notice to the defendant of the nature and cause of the accusations is the key factor in determining whether an amended charging document has prejudiced a defendant.").

¶12    Moreover, Crawford's defense at trial was that he was not present or involved in the shooting. The amendment of the charges did not have an effect on this strategy. Had the jury believed Crawford's defense that he was not present or involved in the shooting, it would have absolved him of the amended charges of first-degree recklessly endangering safety and first-degree reckless injury.

¶13    Crawford emphasizes that both of the amended charges added an element of utter disregard for human life. *See* WIS. STAT. §§ 941.30(1), 940.23(1)(a). Crawford suggests that, had the amended information been filed sooner, he would have determined the extent of the victims' injuries and the victims' characteristics. Crawford, however, does not explain what such an investigation might have revealed or how it would establish that discharging a firearm at a person and wounding him or her would not show utter disregard for human life. Nor does Crawford explain why such a defense would be better than the defense he pursued. Therefore, we reject Crawford's argument that the

amendment to the information prejudiced him, and we do not discern any erroneous exercise of discretion in allowing the amendment.

## II. Sufficiency of the Evidence

¶14 First-degree reckless injury requires proof that a defendant caused great bodily harm. *See* WIS. STAT. § 940.23(1)(a); WIS JI—CRIMINAL 1250. Crawford contends that there was insufficient evidence to prove that he caused great bodily harm to A.M.H. Jr.

¶15 When reviewing the sufficiency of the evidence, we may not reverse a conviction "unless the evidence, viewed most favorably to the [S]tate and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

¶16 Here, the evidence was sufficient for a jury to conclude that A.M.H. Jr. suffered great bodily harm. "Great bodily harm" is defined as "bodily injury which creates a substantial risk of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily injury." WIS. STAT. § 939.22(14); *see also* WIS JI—CRIMINAL 1250.

¶17 At trial, the jury heard testimony from Officer Douglas Brahm that he personally observed a gunshot wound on A.M.H. Jr.'s torso at the hospital. Additionally, pictures of A.M.H. Jr.'s gunshot wound were admitted into evidence. A reasonable jury could conclude that a gunshot wound to the torso is a "bodily injury which creates a substantial risk of death." *See* WIS. STAT.

§ 939.22(14); *Poellinger*, 153 Wis. 2d at 501. Thus, the evidence was sufficient to conclude that A.M.H. Jr. suffered great bodily harm.[2]

### III. Newly Discovered Evidence

¶18 At Crawford's trial in 2018, N.L., who was sixteen years old at that time, testified that he was inside his house at the time of the shooting. N.L. testified that he heard gunshots, ran to the window, and saw two men shooting. One of the shooters, he said, was "light skinned," and the other was "dark skinned." The "light skinned" shooter had an "old school" weapon, was skinny, not chunky, and had braided hair. N.L. also testified that the "light skinned" shooter had a sweater on with the hood up and pants. The State subsequently called Detective Steven Johnson, who testified that N.L. described the individual with the lighter complexion as being about 6'2" with two braids, one on each side of his head. Johnson further testified that Sanders was "a dark skinned" individual and that Crawford had a lighter complexion.

¶19 Crawford argues that N.L. committed perjury during Sanders's trial. Crawford observes that at Sanders's trial in 2020, N.L. testified that only one person had a firearm, not two people. N.L. said that the firearm was an "old school" revolver. N.L. further said that the man with the firearm had "light skin," long hair and a ponytail, was 6'2" and 250 pounds, and was wearing a gray sweater. Crawford contends that this testimony constitutes newly discovered evidence entitling him to a new trial.

---

[2] Crawford observes that at Sanders's trial, the first-degree reckless injury charge relating to A.M.H. Jr. was dismissed. Whether there was sufficient evidence presented at Sanders's trial, however, has nothing to do with the evidence presented at Crawford's trial.

¶20 When a defendant moves for a new trial on the basis of newly discovered evidence, the circuit court must hold an evidentiary hearing only if "the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Love*, 2005 WI 116, ¶26, 284 Wis. 2d 111, 700 N.W.2d 62 (citation omitted). This is a question of law we review *de novo* "based on the specific factual allegations made and the record as a whole." *State v. McAlister*, 2018 WI 34, ¶25, 380 Wis. 2d 684, 911 N.W.2d 77. "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶21 The test for newly discovered evidence is well established. "[A] defendant must prove: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted). If a defendant satisfies his burden on all four of these elements, the circuit court must then determine whether a reasonable probability exists that a different result would be reached at trial. *State v. Avery*, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60.

¶22 "Wisconsin law has long held that impeaching evidence may be enough to warrant a new trial." *Plude*, 310 Wis. 2d 28, ¶47. Our supreme court has stated that "newly discovered evidence impeaching in character might be produced so strong as to constitute ground for a new trial; as for example where it

is shown that the verdict is based on perjured evidence." *Id.* (citation and emphasis omitted).

¶23    Perjury requires that a witness makes "a false material statement which the person does not believe to be true[.]" WIS. STAT. § 946.31(1).  Here, Crawford has not established that N.L.'s subsequent testimony at Sanders's trial meets the requirements for perjury.  Crawford does not identify which specific statements of N.L.'s testimony are false, nor does he allege that N.L. made any statements which N.L. "does not believe to be true." *See id.*

¶24    Moreover, at the outset of Sanders's trial, N.L. admitted that he did not remember what happened.  He explained that after the last court date, he tried to forget what happened and was just going to worry about school.  Thus, even if N.L.'s statements were shown to be false, there is no evidence that he did so intentionally.  Accordingly, we conclude that Crawford has failed to prove that N.L. perjured himself and that the circuit court properly denied his newly discovered evidence claim.

### IV.    Crawford's Sentence

¶25    Finally, Crawford contends that Sanders's lesser sentence constitutes a new factor warranting sentence modification.  A court may modify a sentence based upon the defendant's showing of a "new factor." *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828.  A new factor is "a fact or set of facts" that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Id.*, ¶40 (citation omitted).  Whether a new factor exists is a question of law that this court reviews independently. *Id.*, ¶33.

¶26 Here, Sanders's sentence is not a new factor because it was not highly relevant to Crawford's sentence. Crawford has not shown that he and Sanders were similarly situated. *See State v. Ralph*, 156 Wis. 2d 433, 438, 456 N.W.2d 657 (Ct. App. 1990) (concluding that a codefendant's prior unknown jail term was a new factor where the trial court had expressed a desire for parity in the sentences). As the postconviction decision observed, Crawford was convicted of two serious felony offenses—first-degree reckless injury, a class D felony, and first-degree recklessly endangering safety, a class F felony. *See* WIS. STAT. §§ 940.23(1)(a), 941.30(1). In contrast, Sanders was convicted of only a class F felony and a misdemeanor. Additionally, Crawford had a more extensive criminal history, including three prior weapon convictions. Thus, we reject Crawford's argument that Sanders's sentence constitutes a new factor entitling him to relief.

¶27 Alternatively, Crawford argues that his sentence should be modified because it is unduly harsh and excessive. A sentence is unduly harsh "only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *See State v. Grindemann*, 2002 WI App 106, ¶31, 255 Wis. 2d 632, 648 N.W.2d 507 (citation omitted). "A sentence well within the limits of the maximum sentence is unlikely to be unduly harsh or unconscionable." *State v. Scaccio*, 2000 WI App 265, ¶18, 240 Wis. 2d 95, 622 N.W.2d 449.

¶28 Here, Crawford's sentence was within the limits of the maximum sentence. As stated above, Crawford was convicted of a class D felony and a class F felony. He thus faced a maximum of thirty-seven and one-half years of imprisonment. *See* WIS. STAT. § 939.50(3)(d), (f). Crawford, however, was sentenced to a total of fifteen years of imprisonment which was well below the

statutory maximum, and it was not unduly harsh and unconscionable. *See Scaccio*, 240 Wis. 2d 95, ¶18.

¶29    Moreover, Sanders's sentence does not render Crawford's sentence unduly harsh.[3]  As stated above, Crawford was convicted of a class D felony and a class F felony, whereas Sanders was convicted of a class F felony and a misdemeanor.  Crawford also has a more extensive criminal record than Sanders.  Therefore, we reject Crawford's argument that his sentence should be modified.

## CONCLUSION

¶30    In sum, for the reasons stated above, we conclude that Crawford is not entitled to relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Crawford also contends that his sentence was unduly harsh because his conviction for first-degree reckless injury should have been dismissed for insufficient evidence.  However, as stated above, we disagree that the evidence was insufficient.