COURT OF APPEALS
DECISION
DATED AND FILED

February 8, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1311-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2021CM360**

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

AMBER C. DEBREE,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and orders of the circuit court for Kenosha County:  BRUCE E. SCHROEDER and CHAD G. KERKMAN, Judges. *Affirmed*.

¶1    GROGAN, J.[1]    Amber C. Debree appeals from a judgment entered after she pled guilty to disorderly conduct (domestic abuse) contrary to WIS. STAT.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

§§ 947.01(1) and 968.075(1)(a). She also appeals from orders denying her postconviction motion and motion for reconsideration. Debree argues the circuit court erred in denying her request to modify her sentence based on a new factor. This court affirms.

## I.  BACKGROUND

¶2      In April 2021, Debree and her husband got into an altercation when Debree learned that her husband had impregnated her twenty-one-year-old daughter.  Debree physically hit her husband, and he called the police.  The State charged Debree with one count of disorderly conduct, domestic abuse, as a repeater.  Debree entered into a plea bargain where she would plead guilty in exchange for dismissal of the repeater enhancer, and the State would not make a sentencing recommendation.

¶3      At the plea hearing, the State listed Debree's prior convictions, including bail jumping from 2012, multiple disorderly conducts from 2013, and a number of theft, forgery, bail jumping, and retail theft convictions.  The State told the sentencing court[2] that Debree had "been on probation several times[,]" the last being completed in 2018.  Debree's counsel advised that Debree had worked to better herself, had not acted unlawfully since 2017, had been successful on probation, and regretted her current actions that had been triggered by the disturbing news about her husband and daughter.  Debree explained that she "flipped out," was taking full responsibility for her actions, and understood her conduct at issue here was wrong.  The sentencing court accepted the plea,

___

[2] The Hon. Bruce E. Schroeder presided over the case through the sentence.  The Hon. Chad G. Kerkman presided over the postconviction proceedings.

expressed concern about her criminal record, and sentenced Debree to two years' probation.

¶4    In May 2022, Debree filed a postconviction motion seeking modification of her sentence based on what she alleged was a new factor—her history of being abused by her husband. Debree contended this information, which neither she nor the State brought to the sentencing court's attention, was overlooked at sentencing and could have been a mitigating factor. The State did not oppose the motion and conceded that it was a new factor that warranted reducing Debree's sentence to one year of probation.

¶5    The postconviction court denied the motion, ruling that Debree knew this information at the time of sentencing. It concluded that Debree's asserted history of being abused did not qualify as a new factor because Debree or her counsel could have raised it during sentencing but did not. Debree filed a motion for reconsideration. The State again did not oppose the motion, conceded that the domestic abuse history qualified as a new factor, and advocated for the court to reduce Debree's sentence. The postconviction court issued a lengthy order denying the reconsideration motion.[3] It ruled again that the domestic abuse history did not constitute a new factor and that, even if it did, the court would not

---

[3] In her motions, Debree described herself as both a victim of domestic abuse and a survivor of domestic abuse. In its order, the postconviction court seemingly took issue with Debree describing herself as a survivor of domestic abuse, in part because she was still married to and living with her husband, who had been the perpetrator. The Record includes two cases from 2012 showing that Debree's husband was convicted of disorderly conduct, at least one of which specifically denotes domestic abuse with Debree as a victim. There can be no dispute that Debree was a victim of domestic abuse at the hands of her husband. The fact that Debree still lived with her abuser at the time the charges arose does not change that fact, and it also does not mean that Debree is not a survivor of domestic abuse. The postconviction court's commentary to the contrary was improper given the facts in the Record here.

exercise its discretion to modify Debree's sentence because the sentencing court imposed the sentence based on Debree's lengthy criminal record. Debree now appeals.

## II. DISCUSSION

¶6     The issue on appeal is whether the circuit court erred in denying Debree's sentence modification motion alleging her history as a domestic abuse survivor/victim constituted a new factor. "Deciding a motion for sentence modification based on a new factor is a two-step inquiry." *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828. Whether a "fact or set of facts" "constitutes a 'new factor' is a question of law." *Id.* A "new factor" is

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). The defendant bears the burden of establishing the existence of a new factor "by clear and convincing evidence[.]" *Harbor*, 333 Wis. 2d 53, ¶36.

¶7     If a new factor exists, the defendant is not automatically entitled to sentence modification. *Id.*, ¶37. "Rather, if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence." *Id.* Whether a new factor justifies sentence modification is within the circuit court's discretion. *Id.* When the circuit court concludes as a matter of law that there is no new factor, it is unnecessary to "determine whether, in the exercise of its discretion, the sentence should be modified." *Id.*, ¶38. "[I]f the court determines that in the exercise of its discretion, the alleged new factor would not

justify sentence modification," it is unnecessary for the court to "determine whether the facts asserted by the defendant constitute a new factor as a matter of law." *Id.*

¶8 In applying the definition of new factor to the facts about Debree having suffered from past domestic abuse, this court cannot conclude that the circuit court erred. To meet the new factor definition, a defendant must prove by clear and convincing evidence that the proffered facts were highly relevant to the sentence and unknown to the sentencing court either because the facts did not exist at the time of sentencing or were "unknowingly overlooked by *all* of the parties." *Rosado*, 70 Wis. 2d at 288 (emphasis added).

¶9 Although the sentencing court did not know that Debree was a victim of domestic abuse in the past, Debree herself did. These facts were in existence at the time of the sentence. The dispositive question then is whether Debree provided clear and convincing evidence that all parties unknowingly overlooked facts that were highly relevant to the sentence. Debree submitted police reports documenting past incidents where she was the victim of domestic abuse by her husband with her motion for sentence modification. Although it is clear the State overlooked this information, Debree does not offer evidence that clearly and convincingly shows that she and her counsel unknowingly overlooked this information or that it would be highly relevant. The only evidence the postconviction court had was argument from Debree's counsel that neither Debree nor her prior counsel understood the relevance of these facts at the time of sentencing.

¶10 If a defendant knows about information at the time of sentencing and chooses not to disclose it, she cannot later claim the information constitutes a new

factor. *See* ***State v. Crockett***, 2001 WI App 235, ¶14, 248 Wis. 2d 120, 635 N.W.2d 673 (rejecting new factor claim because the defendant failed to show that he was unaware of the information at sentencing); ***Rosado***, 70 Wis. 2d at 288-89 (rejecting new factor claim because the defendant had the information at the time of sentencing but chose not to reveal it until many months later). If a defendant knows about information but fails to disclose it, it is not "unknowingly overlooked." Rather, it is viewed as deliberately not disclosed.[4]

¶11 Further, Debree does not submit evidence to show her actions on the date of this crime resulted from current or past abuse by her husband, which could potentially make her past victimization "highly relevant" to the sentence. Rather, she provided an understandable explanation about what triggered her to "flip[] out"—the news about her husband and daughter—and the Record shows the defense strategy was to offer this information as part of Debree's decision to accept responsibility for her conduct. Presenting her history as a domestic abuse victim could have been seen as inconsistent with accepting responsibility for her own conduct in a situation where there was no allegation she was currently being abused by her husband. Introducing the past history of abuse with a circuit court

---

[4] Debree cites three cases in support of her position that information known to the defense at the time of sentencing could nevertheless constitute a new factor: ***State v. Armstrong***, 2014 WI App 59, 354 Wis. 2d 111, 847 N.W.2d 860; ***State v. Vaughn***, 2012 WI App 129, 344 Wis. 2d 764, 823 N.W.2d 543; and ***State v. Ralph***, 156 Wis. 2d 433, 456 N.W.2d 657 (Ct. App. 1990). None of these cases control here. In ***Armstrong***, the court determined that the defendant had shown a new factor as a matter of law where the parties and the trial court were under the mistaken belief that the defendant was entitled to approximately two years of sentence credit, rather than the eight months to which he was actually entitled. 354 Wis. 2d 111, ¶9. ***Vaughn*** dealt with a defendant's changing mental health situation throughout the relevant proceedings. 344 Wis. 2d 764, ¶36. Finally, ***Ralph*** involved modification of an "unduly harsh" sentence; in affirming the modification, this court explicitly stated that a trial court may modify a sentence that is unduly harsh or unconscionable "even though no new factors are presented." 156 Wis. 2d at 438-39. None of these cases deemed information that was known to the defendant but not disclosed at sentencing to be a new factor.

who did not even view her plea as accepting responsibility may have even backfired.[5] Plus, the defense strategy to accept responsibility and provide the sentencing court with the trigger for Debree's conduct apparently worked because despite her substantial criminal history, she received probation (albeit a long one) instead of jail time.

¶12 Although this court can certainly sympathize with Debree for being a domestic abuse victim and for having to deal with her husband's adultery with her own daughter, Debree did not provide clear and convincing evidence to satisfy the new factor test.[6]

*By the Court.*—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] The merits of the original sentence itself are not before this court, but this court disagrees with the sentencing court's comments criticizing Debree as to whether she was truly accepting responsibility for her actions. Debree's speedy guilty plea—less than three months after the State filed charges—certainly demonstrated that she accepted responsibility for her actions.

[6] This court is particularly troubled by the State taking one position in the circuit court and the opposite position on appeal. However, even if the State had remained with the position it took in the circuit court, this court would not be bound by the State's interpretation of the law as it is the court that "decides questions of law." *See State v. Carter,* 2010 WI 77, ¶50, 327 Wis. 2d 1, 785 N.W.2d 516. This court is "not bound by the parties' interpretation of the law or obligated to accept a party's concession of law." *Id.* Accordingly, this court declines Debree's request to apply judicial estoppel.